UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   -v-

NIKOLAI NIFTALIJEV,
                          Defendant.

---

18-CR-678 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On March 6, 2020, Defendant Nikolai Niftalijev filed a motion seeking severance of his case for trial pursuant to Federal Rule of Criminal Procedure 14(a). (Dkt. No. 60.) Subsequently, on April 24, 2020, Niftalijev filed a motion under seal, seeking leave to take two pretrial depositions pursuant to Federal Rule of Criminal Procedure 15(a).

The Court takes the motions in reverse chronological order. With respect to the requested depositions, Rule 15 authorizes pretrial depositions in criminal cases only in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). As the movant, Niftalijev "must show that (1) the prospective witness is unavailable for trial, (2) the witness'[s] testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001).

Here, Niftalijev moves to depose two Estonian police officers who, he claims, would provide exculpatory testimony. But Niftalijev has not shown, as he must, that either officer is unavailable for trial. The government has since asserted that both officers will be available during trial (*see* Dkt. No. 77 at 55), and Niftalijev's reply papers (filed under seal) indicate that he is "fine with [that]." The motion is therefore denied.

As for Niftalijev's motion for severance, Rule 14(a) permits a court to sever the trial of one defendant from that of other defendants if joinder "appears to prejudice a defendant." Fed.

1

R. Crim. P. 14(a).  Nonetheless, there is a strong presumption in favor of a unitary trial — especially where, as here, "the defendants are alleged to have participated in a common plan or scheme."  *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998).  "A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials."  *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).  This determination is "committed to the sound discretion of the trial court and is 'virtually unreviewable.'"  *United States v. LaSanta*, 978 F.2d 1300, 1306 (2d Cir. 1992) (quoting *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991)).

   Here, Niftalijev seeks severance on the ground that his codefendants attempted to murder him.  (*See* Dkt. No. 60 at 13–16.)  As an initial matter, the Court expresses some skepticism that Niftalijev has met the "heavy burden" of proof that he faces.  *Walker*, 142 F.3d at 110.  But even if it is assumed that Niftalijev could muster enough evidence to present his "attempted murder" theory at trial, severance remains unwarranted because Niftalijev has not shown that his interests would be sufficiently antagonistic to those of his codefendants.  To warrant severance, conflicting defenses must be "so irreconcilable as to be mutually exclusive."  *Cardascia*, 951 F.2d at 484.  That is, to secure the remedy of severance, Niftalijev must demonstrate that "in order to accept the defense of [his codefendants], the jury must of necessity convict [him]," or vice versa.  *Id.*  Or — much the same — he must demonstrate that "the *essence* of the [conflicting] defenses [leads the jury to the] infer[ence] that the conflict alone indicate[s] that both defendants [a]re guilty."  *Id.*

   Niftalijev has demonstrated neither to be true.  To be sure, it is conceivable that Niftalijev's defenses will depart, perhaps dramatically, from those of his codefendants.  For example, his codefendants will likely deny any involvement in the alleged attempt on Niftalijev's

2

life, and they could conceivably seek to exclude any evidence to the contrary. (*See* Dkt. No. 60 at 15.) That species of conflict, however, is the stuff of ordinary conspiracy trials. *See, e.g.*, *Cardascia*, 951 F.2d at 484–85 ("[A]n adversarial stance by a codefendant clearly does not, alone, require trials to be severed. Were this true, a virtual ban on multidefendant conspiracy trials would ensue since co-conspirators raise many different and conflicting defenses."). Here, Niftalijev provides no reason why a jury would be unable to accept the defense of his codefendants — likely, entrapment (Dkt. No. 84 at 1–2) — without convicting him. And, conversely, Niftalijev provides no reason why his "attempted murder" theory, if believed, would compel the conviction of his codefendants for drug trafficking.[1] Accordingly, Niftalijev has not demonstrated the presence of "mutually exclusive" defenses, which means that severance is unwarranted. *Id.*

For the aforementioned reasons, Niftalijev's motions are denied. The Clerk of Court is directed to close the motions at Docket Numbers 60, 71, and 81.

SO ORDERED.

Dated: June 24, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] Niftalijev's codefendants, of course, may seek to exclude evidence of his attempted murder theory as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. (*See* Dkt. No. 84 at 1.) That evidentiary question is deferred to another day. The Court notes, however, that even if there were a sufficient evidentiary basis to support presenting the attempted murder theory to the jury, that theory appears tangential to the elements of an entrapment defense.